UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEFF ARMSTRONG,

    Plaintiff,

v.                                           Case No. 8:22-cv-1024-KKM-CPT

FLORIDA DEPARTMENT OF
HEALTH, LINDA KATKE,
NICOLE BAUTISTA, and JANE
WILSON,

    Defendants.
_____

## ORDER

On July 12, 2022, the United States Magistrate Judge entered a Report and Recommendation, recommending that Plaintiff Jeff Armstrong's Motion to Proceed In Forma Pauperis (Doc. 2) be denied and his complaint (Doc. 1) be dismissed for a variety of reasons. (Doc. 4.) The fourteen-day deadline, and an additional three days as required under Federal Rule of Civil Procedure 6(d), for Armstrong to object to the Magistrate Judge's Report and Recommendation has passed without him lodging an objection. Considering the record, the Court adopts the Report and Recommendation for the reasons stated therein (Doc. 4); denies Armstrong's Motion to Proceed In Forma Pauperis (Doc. 2); and dismisses Armstrong's complaint (Doc. 1).

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's Report and Recommendation. 28 U.S.C. § 636(b)(1). If a party files a timely and specific objection to a finding of fact by a magistrate judge, the district court must conduct a de novo review with respect to that factual issue. *Stokes v. Singletary*, 952 F.2d 1567, 1576 (11th Cir. 1992). The district court reviews legal conclusions de novo, even in the absence of an objection. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Ashworth v. Glades Cnty. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019).

In the absence of any objection and after reviewing the factual allegations and legal conclusions, the Court adopts the Report and Recommendation. Armstrong's complaint does not meet the pleading requirements of Federal Rules of Civil Procedure 8 and 10 because it is a shotgun pleading in multiple respects. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1322–23 (11th Cir. 2015). Armstrong's factual assertions are "vague" and "conclusory." *Id.* He also fails to meaningfully "specify[] which of the defendants the claim is brought against." *Id.* at 1323. And, as the Magistrate Judge notes, Armstrong's complaint fails to state a claim upon which relief can be granted because it does not specify an impairment that renders him disabled, how such impairment qualifies him under the Americans with Disabilities Act, and what specific accommodation he

2

requested and was denied. *See Cooper v. Cmty. Haven for Adults and Children with Disabilities*, No. 8:12-cv-1041, 2013 WL 24240, at *7-8 (M.D. Fla. Jan. 2, 2013). Finally, Armstrong's complaint appears to be barred by the Eleventh Amendment because none of the exceptions to sovereign immunity appear to apply. *See Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003).

Accordingly, it is now **ORDERED**:

1. The Magistrate Judge's Report and Recommendation (Doc. 4) is **ADOPTED** and made a part of this Order for all purposes.

2. Armstrong's Motion to Proceed In Forma Pauperis (Doc. 2) is **DENIED**.

3. Armstrong's complaint (Doc. 1) is **DISMISSED** without prejudice.

4. Within twenty-one (21) days of this order—so by **August 22, 2022**—Armstrong may file an amended complaint that complies with the pleading requirements set forth in the Federal Rules of Civil Procedure and that corrects the deficiencies identified above and in the Report and Recommendation. Should Armstrong choose to file an amended complaint, he must attach both his EEOC Notice of Right to Sue letter and his EEOC Charge of Discrimination. He must also either file a renewed motion to proceed in forma pauperis or pay the full filing fee. Failure to comply with these directives will result in dismissal of this case without further notice.

**ORDERED** in Tampa, Florida, on August 1, 2022.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge