## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

JEFF ARMSTRONG,

      Plaintiff,

v.                                      Case No: 8:22-cv-1024-KKM-CPT

FLORIDA DEPARTMENT OF
HEALTH, et al.,

      Defendants.

_____

### ORDER

Jeff Armstrong sued the Florida Department of Health, Linda Katke, Nicole Bautista, and Jane Wilson under the Americans with Disabilities Act (ADA) in May 2022. Compl. (Doc. 1). He also moved to proceed in forma pauperis. IFP Mot. (Doc. 2). Because his complaint was a shotgun pleading, the Court adopted the Magistrate Judge's Report and Recommendation denying his motion and dismissing his complaint without prejudice under 28 U.S.C. § 1915. Order (Doc. 5). The Court gave him three weeks to amend his complaint, but Armstrong never filed. Accordingly, the dismissal became final, *see Automobile Alignment & Body Services, Inc. v. State Farm Mutual Automobile Insurance*

*Co.*, 953 F.3d 707, 719–722 (11th Cir. 2020), and the Court closed the case on August 29, 2022. Order (Doc. 6).

Armstrong appealed on March 9, 2023, acknowledging that his appeal was late, but explaining that he "was in the hospital for a period of two months," "doctors were forced to medically induce a coma for intubation," and he is "only just now capable of adequately responding." He therefore "request[s] that the court consider the exigent circumstances and grant an extension to allow a fair hearing." Not. of Appeal (Doc. 7) at 2–3.

Upon review of Armstrong's notice of appeal, the Eleventh Circuit determined that it "is best construed as containing a timely motion for an extension of time to appeal under Fed. R. App. P. 4(a)(5)." Order of USCA (Doc. 12). Accordingly, the case was remanded "for the limited purpose of determining whether an extension of time to file a notice of appeal under Fed. R. App. P. 4(a)(5) is merited." *Id.* Because the notice of appeal failed to include facts crucial to that determination, the Court directed Armstrong to provide additional briefing explaining whether good cause or excusable neglect exist, specifically to address when his medical issues arose and when he was hospitalized. (Doc. 13). Armstrong failed to respond to that order.

Federal Rule of Appellate Procedure 4(a)(5)(A) allows the district court to extend the time to file a notice of appeal if:

> (i) a party so moves no later than 30 days after the time prescribed by
> this Rule 4(a) expires; and
>
> (ii) regardless of whether its motion is filed before or during the 30
> days after the time prescribed by this Rule 4(a) expires, that party
> shows excusable neglect or good cause.

Because Armstrong's notice is construed as a timely motion to extend the time to appeal, the Court must determine whether he has shown excusable neglect or good cause for the extension. For purposes of excusable neglect, the Court must " 'tak[e] account of all relevant circumstances surrounding the party's omission,' including 'the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Advanced Estimating System, Inc. v. Riney*, 77 F.3d 1322, 1325 (11th Cir. 1996) (alterations in original) (quoting *Pioneer Inv. Servs. v. Brunswick Assocs Ltd. P'ship*, 507 U.S. 380, 395 (1993)). In weighing these factors, "[p]rimary importance should be accorded to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration." *Id.*

Considering all factors, the Court does not find good cause or excusable neglect for an extension. Particularly, the Court notes that Armstrong's notice of appeal comes more than eight months after the original order dismissing his pleading as frivolous and nine months after the Magistrate Judge recommended that the Court dismiss the pleading.

While he explains that he was hospitalized for part of this time and then in rehabilitation, he fails to explain *when* he was hospitalized. Not. of Appeal at 2–3. The Court also notes that not only did Armstrong fail to timely move to appeal, but he also failed to timely object to the Report and Recommendation, to file an amended pleading, or to respond to the Court's most recent order requesting briefing on the material facts that might establish excusable neglect. Armstrong's health difficulties do not explain this extended period of delay or failure to diligently prosecute, and do not outweigh the importance of "efficient judicial administration." *Advanced Estimating Sys., Inc.*, 77 F.3d at 1325.

Accordingly, the following is **ORDERED**:

1. Armstrong's motion to extend the time to appeal (Doc. 7) is **DENIED**.

2. The Clerk is directed to return the record to the Eleventh Circuit for further proceedings.

**ORDERED** in Tampa, Florida, on May 10, 2023.

Kathryn Kimball Mizelle
United States District Judge

4